**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

STEVEN CROFOOT,

                Plaintiff,                1:12-cv-521
                                                      (GLS/ESH)
        v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Olinsky Law Group                KAREN S. SOUTHWICK, ESQ.
300 S. State Street
5th Floor, Suite 520
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN    DAVID L. BROWN
United States Attorney            Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

STEVEN P. CONTE
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Chief Judge**

## **MEMORANDUM-DECISION AND ORDER**

### I. **Introduction**

Plaintiff Steven Crofoot challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed May 8, 2013, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed.[1] (R&R, Dkt. No. 15.) Pending are Crofoot's objections to the R&R. (Dkt. No. 16.) For the reasons that follow, the court adopts the R&R in its entirety.

### II. **Background**[2]

On April 16, 2009, Crofoot filed an application for DIB under the Social Security Act alleging disability since September 1, 2008. (R&R at 2; Dkt No. 11 at 1.) After his application was denied, Crofoot requested a hearing before an Administrative Law Judge (ALJ), which was held on December 9, 2010 and April 19, 2011. (Tr. at 26-86, 93-106.) On May 9, 2011, the ALJ issued a decision denying the requested benefits, which

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed. (Dkt. No. 15.)

[2] The court incorporates the factual recitations of the parties and Judge Hines. (Dkt. Nos. 11, 13, 15; *see also* Admin. Tr., Dkt. No. 9.)

became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (Tr. at 2-8, 11-25.)

Crofoot commenced the present action by filing his complaint on March 21, 2012 seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending that the Commissioner's decision be affirmed. (*See generally* R&R.)

### III. Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits

3

the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

Crofoot raises two specific objections to the R&R, which the court will review *de novo*. The remainder of the R&R will be reviewed for clear error.

### A. Weighing Medical Evidence

Crofoot objects to Judge Hines' conclusion that the residual functional capacity (RFC) determination was supported by substantial evidence,[3] because the ALJ did not weigh the medical evidence properly. (Dkt. No. 16 at 1-2.) According to Crofoot, Judge Hines erred in relying on the opinion of disability analyst C. Rosney, who opined that Crofoot could perform light work, as support for the ALJ's RFC determination. (*Id.*)

It appears that Judge Hines credited Rosney's opinion as that of a non-examining medical consultant. (R&R at 13.) However, the record does not indicate that Rosney had any medical credentials and the

---

[3] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

4

Commissioner does not argue that Rosney is an acceptable medical source. (Tr. at 712-17; Dkt. No. 17 at 2.) "It is indeed an error to treat "a disability analyst as a doctor." *Tankisi v. Comm'r of Soc. Sec.*, No. 12-1398-cv, 2013 WL 1296489, at *5 -6 (2d Cir. Apr. 2, 2013) (internal quotations and citation omitted). This factual error, however, is of little consequence, as the medical assertions in Rosney's report were supported by the remainder of the record. *See id.* Specifically, as explained in Judge Hines' report, treating physician Thomas Booker, who treated Crofoot for neck and left arm pain, noted that such pain did not interfere with Crofoot's activities of daily living. (Tr. at 723-25; R&R at 14.) Additionally, treating physician Daniel Tomlinson observed that an x-ray of Crofoot's shoulder showed no abnormality and an MRI showed no tears. (*Id.* at 824.) Tomlinson treated Crofoot with injections in his shoulder, and, in August 2009, Crofoot reported being "very happy" with his pain relief. (*Id.* at 839; *see id.* at 824, 835-36.) Further, consultative examiner Suraj Malhotra found no objective evidence of limitation from an orthopedic perspective. (Tr. at 686-91.) As noted by the Commissioner, the ALJ did not mention Rosney's report in his decision and, instead, relied on the opinion of Dr. Malhotra as well as the records of Crofoot's treating sources

5

to determine that Crofoot could perform a reduced range of light work. (Dkt. No. 17 at 2; Tr. at 17-20.)

Finally, although Crofoot argues that no medical assessment is consistent with the ALJ's RFC determination, (Dkt. No. 16 at 2), the ALJ is not required "to adopt a physician's RFC determination outright." *Soto v. Astrue*, No. 08-CV-6352T, 2009 WL 1765200, at *6 (W.D.N.Y. June 22, 2009); *see Reyes v. Astrue*, No. 3:09-CV-0285, 2010 WL 786253, at *7 (N.D.N.Y. Feb. 26, 2010). Based on the foregoing evidence, including the opinion of Dr. Malhotra, the court concludes that the ALJ's decision on this point was supported by substantial evidence. Accordingly, the court adopts the portion of the R&R regarding the weight of the medical evidence.

## B. <u>Step Four Determination</u>

Crofoot also objects to Judge's Hines recommendation that the ALJ's step four determination be affirmed. (Dkt. No. 165 at 2-3.) Specifically, Crofoot argues that Judge Hines erred in finding that citation of the Dictionary of Occupational Titles (DOT) satisfied "the ALJ's duty to make

specific findings as to [Crofoot's] past relevant work. (*Id.*)[4]

"[I]n the fourth stage of the [disability] inquiry, the claimant has the burden to show an inability to return to h[is] previous specific job *and* an inability to perform h[is] past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003). In other words, a claimant is not disabled if he can perform his past relevant work, either as he actually performed it, or as it is generally performed in the national economy. *See* SSR 82-61, 1982 WL 31387, at *2 (1982); *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981). Thus, as Judge Hines articulated in his report, the ALJ appropriately compared Crofoot's RFC with the job description contained in the DOT for his past relevant work, namely, work as a real estate agent. (R&R at 22-23); *see* Dictionary of Occupational Titles, Code 250.357-018, 1991 WL 672361 (4th ed., 1991); SSR 00-4p, 65 Fed. Reg. 75,759, 75,760 (Dec. 4, 2000) (explaining that, at steps four and five of the sequential

---

[4] Crofoot also purports to object to the R&R on the grounds that "due to the ALJ's errors in determining [Crofoot's] RFC and credibility, the Step [four] determination was unsupported by substantial evidence." (Dkt. No. 16 at 2.) The substance of this argument, however, was previously raised in Crofoot's brief and considered and rejected by Judge Hines. (Dkt. No. 11 at 12-19; R&R at 9-21.) This "objection," therefore, is general and does not warrant de novo review. *See* Almonte, 2006 WL 149049 at *4.

7

evaluation process, the Commissioner relies primarily on the DOT for information about the requirements of work in the national economy). Accordingly, the court rejects Crofoot's argument that Judge Hines' analysis in this regard was improper.

## V. Conclusion

Having addressed Crofoot's specific objections *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Hines' R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' May 8, 2013 Report and Recommendation (Dkt. No. 15) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Crofoot's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

9